JACOB H. CONKLIN et al., as Trustees, etc., Appellants, *v.* GARRET Z. SNIDER, as Executor, etc., et al., Respondents.

104 b 641
154 665

104 641
Case 2
78 AD¹470

Where an order of General Term, reversing a judgment and granting a new trial, is affirmed on appeal to this court, the stipulation given on appeal compels an award of judgment absolute against the appellant, although it appears he was entitled to part of the relief granted by the judgment.

It is only where the error which might have justified a reversal of the judgment was merely incidental and capable of accurate correction, and so the judgment should have been corrected below without the award of a new trial, that this court may modify the judgment by correcting the error.

(Argued November 22, 1886; decided January 18, 1887.)

THE following is the *mem.* of opinion in this action :

"While we do not agree with all the reasons given by the General Term for its order of reversal and award of a new trial we feel bound to affirm that order. The action was brought to reclaim for a trust estate several groups of real property alleged to have been purchased by the trustee in his own name as an individual, but with the trust funds. The referee found in favor of the plaintiffs, determining that all the lands described in the complaint belonged to the trust. On appeal, the General Term reversed the judgment, assigning as reasons that the testimony of one of the parties to personal conversations with a deceased testator was improperly admitted, and that the trust funds were not satisfactorily traced by the evidence into any of the lands referred to. We think the testimony of Cooper was not offered or given in his own behalf and was admissible, and that the evidence very fully and fairly demonstrated that a portion of the lands, known in the case as the Brooklyn property, did belong to the trust estate, but that as to the rest of the property the proof fell far short of the certainty and definiteness required. It is not needful to explain the grounds of our opinion, so far as it differs from that of the General Term, because if that of the latter had been identical with our own, it would still have been the duty of the court to have reversed the judgment of the referee and awarded a new trial for the error committed as to the property other than the Brooklyn lands. We cannot say, therefore, that the order of the General Term was erroneous. Possibly it might have made an alternative order permitting the plaintiffs to limit their judgment to the Brooklyn lands, and on their stipulating so to do, affirming the judgment as modified, but that was matter of discretion, and it was not error instead to award a new trial. The defeated plaintiffs were beaten for lack of evidence and were entitled to an opportunity to strengthen their case in any of its parts, for the decision left a recovery by them possible. The order of the General Term having been a proper one we cannot reverse, but must affirm it, and the plaintiff's stipulation on the appeal to this court, compels

an award of judgment absolute against them. We have once or twice, in cases where the error which might have justified a reversal was merely incidental and capable of accurate correction, modified the judgment by correcting the error, but those were instances in which we thought a new trial ought not to have been awarded (*Wright* v. *Nostrand*, 98 N. Y. 669), since there could be no recovery for what had been erroneously allowed. Here such a recovery was possible, and the award of a new trial was a proper order for the General Term to make, and we must affirm it and order judgment absolute, although we can see that plaintiffs might have been entitled to a part of their relief. (*Gray* v. *Bd. of Supervisors*, 93 N. Y. 603, 608 ; *Thomas* v. *N. Y. Life Ins. Co.*, 99 id. 250 ; *Godfrey* v. *Moser*, 66 id. 250.) They chose to take the peril of their stipulation.

"Order of General Term affirmed, and judgment absolute directed against plaintiff."

*William J. Hardy* for appellant.

*Irving Brown* for respondent.

FINCH, J., reads for affirmance of order of General Term and for judgment absolute against plaintiff on stipulation.

All concur.

Order affirmed and judgment accordingly.