### ROBERTS v. BAUMGARTEN et al.

#### (Superior Court of New York City, General Term.   December 1, 1890.)

NEW TRIAL IN EJECTMENT—JUDGMENT ABSOLUTE BY COURT OF APPEALS.

A judgment in ejectment, entered by the court of appeals, pursuant to a stipulation by appellant, under Code Civil Proc. N. Y. § 191, subd. 1, that judgment absolute should be entered against him, if the order of the general term granting a new trial should be affirmed, is not within section 1525, providing that a new trial may be had in ejectment as a matter of right.   Affirming 10 N. Y. Supp. 519.

Appeal from special term.

Ejectment by Edward Roberts against August Baumgarten and others. The cause was tried by the court, a jury having been waived, and judgment was given for plaintiff.   Defendants appealed to the general term, where the judgment was reversed, (51 N. Y. Super. Ct. 482,) and on appeal by plaintiff the court of appeals affirmed the order of the general term, (18 N. E. Rep. 96.)   Plaintiff, on his appeal to the court of appeals, stipulated that, if the order of the general term should be affirmed, judgment absolute should be entered for defendants.   After the decision by the court of appeals a new trial was granted on plaintiff's motion.   Defendants moved to vacate such order.   The motion was granted, and plaintiff appeals.   The provisions of the Code of Civil Procedure referred to in the special term opinion are as follows:  Section 191, subd. 1:  "An appeal cannot be taken from an order granting a new trial, on a case or exceptions, unless the notice of appeal contains an assent, on the part of the appellant, that, if the order is affirmed, judgment absolute shall be rendered against the appellant."   Section 1524: "Except in a case where it is otherwise expressly prescribed in this act, a final judgment in an action specified in this article, rendered upon the trial of an issue of fact, is conclusive, as to the title established in the action, upon each party against whom it is rendered, and every person claiming from, through, or under him, by title accruing, either after the judgment roll is filed or after a notice of the pendency of the action is filed in the proper

county clerk's office, as prescribed in article ninth of this title." Section 1525: "The court, at any time within three years after such a judgment is rendered, and the judgment roll is filed, upon the application of the party against whom it was rendered, his heir, devisee, or assignee, and upon payment of all costs and all damages other than for rents and profits, or for use and occupation, awarded thereby to the adverse party, must make an order vacating the judgment, and granting a new trial in the action. The court, upon a like application, made within two years after the second final judgment is rendered, and the judgment roll is final, may make an order vacating the second judgment, and granting a new trial, upon the like terms, if it is satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established. Not more than two new trials shall be granted under this section."

Argued before FREEDMAN, TRUAX, and INGRAHAM, JJ.

*Daniel G. Rollins,* for appellant.  *Cephas Brainerd,* for respondents.

FREEDMAN, J. The question involved is a novel one. Many considerations have been advanced for and against the right to a new trial in a case like the present, under the provisions of the Code of Civil Procedure in force at the present time. The question can only be settled by the court of appeals, and it is important that it should be settled. As the learned judge who made the order appealed from rendered a well-considered opinion, I think it is best, especially in view of the rulings of the court of appeals in *Godfrey* v. *Mosher,* 66 N. Y. 250, *Hiscock* v. *Harris,* 80 N. Y. 402, and *Conklin* v. *Snider,* 104 N. Y. 641, 9 N. E. Rep. 880, as to the effect to be given to the stipulation for judgment absolute filed by an appellant to that court, that the order should be affirmed. Order affirmed, with $10 costs and disbursements.