## WRIGHT v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

1. MUNICIPAL CORPORATIONS—STREETS—PRIVATE SEWERS.

An owner of farm land adjoining a village subdivided it into lots and streets,—the latter being dedicated to the public,—and constructed private sewers through said streets, independent of, and disconnected from, sewers of the village. Laws 1892, c. 182, afterwards incorporated the village, and included said subdivision; and the city constructed a trunk sewer in the subdivision, which rendered the private sewers useless. *Held*, that the city was liable for the value of said sewers, since plaintiff retained all rights in the streets, save the public easement over them as highways.

2. CONSTITUTIONAL LAW—TAKING PROPERTY FOR PUBLIC USE—COMPENSATION.

Since private sewers, constructed in the streets of a subdivision of land belonging to private individuals, which is afterwards taken into the limits of a city by an act of the legislature, are private property, the city cannot take or destroy them without making compensation to the owners, as Const. art. 1, § 6, forbids the taking of private property for public use without just compensation.

3. APPEAL AND ERROR—ADMISSION—THEORY OF TRIAL.

In an action against a city for destroying a private sewer in a street by the construction of a trunk sewer, it was stipulated that the plaintiff admitted that the city and its council, in ordering said work done, and in doing the acts resulting in the destruction, proceeded in accordance with law. The trial proceeded on the theory that the plaintiff had no cause of action, because he had dedicated the street to public use. *Held*, that on appeal said stipulation would not be construed as an admission that the city had taken and paid for said private sewer, under Laws 1892, c. 182, § 170, providing for payment of compensation on taking property for said city's use.

Appeal from judgment on report of referee.

Action by J. Frank Wright against the city of Mt. Vernon. There was judgment for defendant, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Milo J. White, for appellant.
William J. Marshall, for respondent.

WOODWARD, J. There is no material dispute as to the facts in this case, the question presented being purely one of law. The learned referee in his memorandum states that in "the year 1888 the plaintiff became the owner of a tract of farm land in the town of Eastchester, Westchester county, New York, adjoining the then village of Mt. Vernon, which he subdivided into building lots numbered, and streets and avenues named, and he called the entire property so subdivided 'Primrose Park.'" The plaintiff made a map of this park, filing the same in the office of the register of Westchester county, and about this time the streets and avenues were thrown open to the use of the public as streets; the plaintiff testifying that they had been used for "public driving ever since they were opened." A portion of the building lots fronting upon these avenues or streets were sold to in̲.̲.vidual purchasers, and the avenues or streets were continuations of the general system of highways passing through the then village of Mt. Vernon; and there seems to be no reason why it should not be held that these ways were dedicated to the public for the purpose of highways.

In the year 1891, before the creation of the defendant by act of the legislature, the plaintiff constructed private sewers or drains through the streets or avenues called "Primrose," "Fletcher," and "Westchester," at an expense of $6,402.12. These sewers or drains found an outlet through an open ditch in adjoining property, and were entirely independent of the sewer or drainage system of the adjoining village of Mt. Vernon, afterwards changed to the defendant. In the year 1897 the defendant undertook the work of constructing a district trunk sewer in certain of the streets and avenues of this Primrose Park section, which had in the meantime, by act of the legislature (chapter 182, Laws 1892), become a part of the city of Mt. Vernon; and in doing so it became necessary to remove or render useless the private sewer of the plaintiff in Primrose, Westchester, and Fletcher avenues. The plaintiff brings this action for trespass, and demands damages equal to the cost of constructing this private sewer; and the learned referee has dismissed the complaint upon its merits, upon the ground that the streets or avenues have been dedicated to the use of the public, and have been accepted by user.

In the view that we take of the matter, the question of whether the streets or avenues have been dedicated to, and accepted by, the public, as highways, does not reach to the kernel of this controversy. It is conceded that in the year 1888 the plaintiff came into the ownership of a certain tract of farm land in the town of Eastchester. He was the absolute owner of the fee of that property, and he had a perfect right to lay it out into streets, avenues, parks, etc., and to dedicate the streets or avenues to the use of the public as high-

ways. By none of these acts, however, did he part with the fee to any part of the lands which he originally owned; and, conceding that these streets or avenues were accepted by the public by user, this did not operate to take from the owner of the fee any right not inconsistent with the use of these streets or avenues by the public for the purpose of passage and repassage over the surface. This land was, at the time of the dedication, outside of the village of Mt. Vernon. It was farm land. And there is no presumption that the plaintiff, in dedicating these streets or avenues to the public as highways, gave the public any greater rights than those to which he invited them by throwing the streets open to travel. He retained all of the right of property in these streets or avenues which he ever owned, subject to the easement of the public. City of Cohoes v. Delaware & H. Canal Co., 134 N. Y. 397, 31 N. E. 887. If he owned these streets or avenues, subject only to the easement to which he had invited the public, he had a clear right to construct a drain or sewer in these ways; and that drain or sewer, constructed, we may assume, for the accommodation of those who should purchase the lots along these streets or avenues, became property which the defendant had no right to take or destroy without compensation to the owner. This is clearly the doctrine of City of Buffalo v. Pratt, 131 N. Y. 293, 299, 30 N. E. 233, and is the only conclusion consistent with the constitutional provision which forbids taking private property for public purposes without just compensation.

We are of opinion that the admission by the plaintiff cannot be extended to cover more than it was intended to cover when it was made, and the learned referee says that:

"The referee assumed, and it is his belief, that this admission was intended to cover only the regularity of the petition to, and resolution of, the common council, its contracts, and all other merely preliminary formalities pertaining to the actual construction of the sewer as in streets and avenues, as provided by the charter. Indeed, the answer so alleges, and the trial proceeded on that theory."

It is idle now to urge that the language of the stipulation is to be construed so as to embrace an admission that the rights of the plaintiff had been legally acquired and paid for, as provided in section 170 of chapter 182 of the Laws of 1892. The theory on which the case was tried and decided was that the plaintiff had no cause of action because of the dedication of the streets or avenues to the use of the public, and the issue cannot be changed on appeal because the language of a stipulation might be stretched to embrace a matter not within the contemplation of either party at the time it was made. The judgment appealed from should be reversed.

Judgment reversed, and new trial granted before a new referee, to be appointed at special term; costs to abide the event. All concur.