. PEOPLE ex rel. WRIGHT v. HOLDREDGE et al., Aldermen.

(Supreme · Court, Appellate Division, Second Department. October 10, 1902.)

1. APPEAL AND ERROR—APPEAL FROM ORDER—EFFECT—SUSPENSION OF DECISION.

Relator sued a city for damages, and, after recovering judgment, entered in pursuance of a remittitur from the court of appeals, brought mandamus against the members of the city council of the city to compel the payment of the judgment, whereupon the city filed a motion entitled in the original action to set aside the judgment, and for a reassessment of damages. This motion, together with the motion to show cause why a peremptory mandamus should not be issued, were consolidated in order to be heard at the same special term. The court at the hearing made an order, which was entitled in the mandamus proceeding, granting the motion of the relator, but no order was entered on the motion to vacate the judgment, and both the city and the members of the city council appealed. *Held*, that since the city had attempted, bona fide, to appeal and obtain a review of the case on its merits, action on the appeal would be suspended until an order could be made on the motion to vacate the judgment, and an appeal taken therefrom.

Appeal from special term, Westchester county.

Mandamus by the people, on relation of J. Frank Wright, against Jesse E. Holdredge and others, aldermen of, and composing the common council of, the city of Mt. Vernon, to compel payment of a judgment against the city of Mt. Vernon, with which was consolidated a motion by the city of Mt. Vernon for the vacation of the judgment entitled in the original proceeding. From an order of the special term granting the motion to enter a peremptory writ of mandamus entitled in the mandamus proceeding, defendants appeal. Action on appeal suspended.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Marshall, for appellants.
Milo J. White, for respondent.

JENKS, J. The relator in this proceeding has obtained a peremptory writ of mandamus commanding the aldermen who compose the common council of the city of Mt. Vernon to issue a warrant of the city to pay a judgment entered by the relator in an action brought by him against that city in 1898 to recover damages for the removal and destruction of a sewer upon the property of

the plaintiff. The issues of the action were referred, and after trial the referee dismissed the complaint, and the city entered judgment. Upon plaintiff's appeal, we reversed the judgment and ordered a new trial. 60 N. Y. Supp. 1017. The defendants appealed to the court of appeals, with a stipulation, under section 190 of the Code of Civil Procedure, for judgment absolute in case of affirmance. The court of appeals affirmed the judgment, and ordered judgment absolute for the plaintiff. Its judgment and order were made the judgment of this court, and thereupon the plaintiff entered a judgment against the city for $8,329. The plaintiff sued for $6,402 damages. In the findings proposed for the referee for the plaintiff, he specifically found as a fact "that the plaintiff expended in the construction of said sewer the total of $6,402," but refused to find, as conclusion of law, that the plaintiff had been damaged, and to direct judgment therefor. It appears that the judgment was based solely upon such finding of fact, and was entered perforce of the judgment and order of the court of appeals, when made the judgment of this court, without any further proceedings. The judgment, with notice of filing and entry, and notice of the filing of the remittitur, was served upon the attorney of the defendant on May 24, 1901, who was and is the corporation counsel of defendant, and who appears for the defendants in this proceeding. The plaintiff did not issue execution upon that judgment, alleging as a reason that he was forbidden to do so by the charter of the city. In February, 1902, the judgment creditor began the present proceeding by an order served on February 11th, returnable at a special term of this court at Newburgh on the 15th day of that month. The city of Mt. Vernon, under date of January 28, 1902, gave notice of motion in the action wherein the relator in this proceeding had, as plaintiff, obtained the judgment, for a vacation, cancellation, and setting aside of the judgment, and for an appointment of a referee to assess the damages of the plaintiff. That motion was made returnable at a special term of this court at White Plains on February 15, 1902. Upon an affidavit of the said corporation counsel, upon the notice of motion, and upon all of the papers and proceedings, and upon the petition of J. Frank Wright, and the order to show cause thereto granted, the learned justice who had granted such order amended it so as to make it returnable at White Plains instead of at Newburgh. As a result, the application for the peremptory writ of mandamus and the motion of the defendant in the action to vacate the judgment came on for hearing at one and the same time. The special term made an order on March 31, 1902, which was entitled in the mandamus proceedings.

This appeal now comes up upon a notice, entitled in that proceeding, that the defendants appeal "from the order entered herein on the 31st day of March, 1902, denying a motion of the city of Mt. Vernon, the defendant in the action brought by J. Frank Wright against the said city of Mt. Vernon, to vacate the judgment entered in that action by the plaintiff on or about the 21st day of May, 1901, for the sum of $8,329.50, and granting the motion of the relator in this action that a peremptory writ of mandamus issue,

ordering the defendants to pay the judgment entered on the 21st
day of May, 1901, which two motions were heard as one, and on
which two motions the order complained of was entered; and the
defendants hereby appeal from each and every part of said order."
Thus it appears that the defendants in the proceeding for the man-
damus (the aldermen) would appeal from the order refusing to
vacate the judgment. The learned counsel for the relator now
makes the point that there is no appeal by the city of Mt. Vernon,
the judgment debtor, from the order denying its motion to vacate
the judgment, and therefore the denial of the motion made by the
city of Mt. Vernon to vacate the judgment cannot be considered
by this court on this appeal. The parties defendant in the petition
for the writ of mandamus were not defendants in the action against
the city of Mt. Vernon, wherein the judgment was obtained, and
in which action the motion to vacate the judgment was made; and,
on the other hand, the city of Mt. Vernon is not a party to the
proceedings in mandamus. As the result of the one hearing of the
application for the mandamus and of the motion, but one order
has been entered, which is entitled in the mandamus proceeding,
and so we have only the defendants in the mandamus proceeding
appealing from a decision made upon a motion in an action against
the city of Mt. Vernon alone. But for one fact, we should have
to consider whether, under the authority of Hobart v. Hobart, 86
N. Y. 636, as limited by the decision in Ross v. Wigg, 100 N. Y.
243, 3 N. E. 180, these defendants could appeal. It is clear that
the regularity and validity of the practice of the plaintiff in enter-
ing this judgment are questioned seriously and in good faith on
behalf of the city of Mt. Vernon, that this appeal is prosecuted in
the belief that this question is before us for review, and that the
supposed appeal is not taken to delay the right of the plaintiff
founded upon the judgment, for the reason that the city concedes.
that an assessment of the plaintiff's damages should be made in
the action. The judgment is for a substantial sum, and we should
be alert to see that the defendant should be afforded any right in
the determination of that amount which may be afforded to it by
law. I think that we should not brush aside the objection that
the judgment debtor has not appealed, and pass on to the merits,
as if it had appealed; and I also think that we are warranted in
meeting the objection based upon the procedure, which the learned
counsel was warranted to make on behalf of his client by a counter
objection founded also on the procedure, as it may result in af-
fording to the city a review of the question upon its merits. The
record shows that the only order entered after the hearings on the mo-
tion and the petition, respectively, was the order of March 31st,
and yet the mandate of that order is confined to a grant of the
prayer of the petitioner for a peremptory writ of mandamus. It
is true that the order reads that the order to show cause came on
to be heard, and that "the said motion made by the city of Mt.
Vernon coming on to be heard together and as one motion, and
the application to set the judgment aside having been denied," but
these are but recitals. For aught that appears, there has never

been any order made by the special term denying the motion of the city of Mt. Vernon for the vacating of the judgment, and for the appointment of a referee·to· assess the damages of the plaintiff. Until such an order is made, entered, and noticed, the defendant's time to appeal from the decision does not begin to run. It was the duty of the plaintiff in the action to enter the order in the first instance. The most astute counsel was liable to err under the circumstances, for the consolidation, so to speak, of the motion in the action with the petition in the proceedings was expeditious rather than regular, and the result was that both counsel were misled by one counsel's attempt to avoid circuity. It may be said that, if the learned counsel for the plaintiff did not enter the order, then the learned counsel for the defendant should have done so. But one act of omission may be offset against the other to effect the result, which is not to secure the success of technicalities, but to afford a hearing upon an important and substantial question on the merits.

Action upon this appeal should be suspended so that meanwhile an order may be entered upon the decision of the special term upon the motion of the city of Mt. Vernon to vacate the judgment, and an appeal taken therefrom (with leave to either party, as the case may be, to move in this court in this appeal upon the failure of the other to proceed promptly), in order that the question as to the vacation of the judgment may be presented in this court on the merits. If such order be entered, and an appeal perfected therefrom, this court will then pass upon the questions presented by both appeals. All concur.