WRIGHT v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. January 16, 1903.)

1. APPEAL—STIPULATION FOR JUDGMENT ABSOLUTE.

In an action for destruction of property, the referee found the amount of damages, but dismissed the complaint. Plaintiff appealed to the appellate division, which reversed the judgment, on questions of fact and law, and granted a new trial. Defendant appealed to the court of appeals, stipulating, "If the judgment and order hereby appealed from is affirmed, judgment absolute shall be entered against it." Held, that the court of appeals having affirmed the judgment of the appellate division, and ordered judgment absolute, no further proceedings to assess damages were necessary, but plaintiff was entitled to judgment for the amount found by the referee.

Appeal from special term, Westchester county.

Action by J. Frank Wright against the city of Mt. Vernon. From an order denying a motion to vacate a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

William J. Marshall, for appellant.
Milo J. White, for respondent.

GOODRICH, P. J. The complaint alleged that the plaintiff was the owner of property at Mt. Vernon, upon which the defendant unlawfully entered and destroyed his improvements, to his damage $6,-402.12. The answer denied, among other matters, the amount of the damages. A reference was ordered, by consent, and evidence was offered which established the fact that the plaintiff had expended for the building of a sewer upon his premises more than the amount claimed; and the referee found, as matter of fact, that the plaintiff had expended in the construction of the sewer $6,402.12. He made a report, however, in favor of the defendant, upon which a judgment was entered dismissing the complaint on the merits. From that judgment the plaintiff appealed to this court, which reversed the judgment on' questions of fact and law, and granted a new trial before a new referee to be appointed at special term. 60 N. Y. Supp. 1017. The defendant appealed to the court of appeals, stipulating "that,

if the judgment and order hereby appealed from is affirmed, judgment absolute shall be entered against it." The court of appeals affirmed the judgment of this court, and ordered judgment absolute, with costs. 60 N. E. 1123. Judgment on the remittitur was entered for $6,402.12, with interest and costs.

The defendant moves to vacate the judgment on the ground that it is absolutely void, for the reason that there has been no assessment of the damages. Wilson v. Palmer, 11 Hun, 325, was an action to foreclose a mechanic's lien, and to obtain a personal judgment against the defendants. The judge at special term found all the facts on which the plaintiff relied to establish his claim, but found that he was not entitled to any lien, and that the complaint should be dismissed. On appeal to the general term of this department, the judgment was reversed and a new trial granted. The defendants appealed to the court of appeals, stipulating that, if the judgment should be affirmed, judgment absolute should be rendered against them. The court of appeals affirmed the order and rendered judgment absolute against the defendants, and the court below entered a judgment which not only established the lien, but the personal liability of the defendants for the debt. The defendants moved to strike out so much of the judgment as established a personal judgment. This was denied, and an appeal was taken. The court held that no further proceedings were necessary to ascertain the amount which the plaintiff was entitled to recover, for that had been done on the trial already had, and that it is only where such subsequent proceedings are requisite to render the judgment of the court of appeals effectual that they are required to be taken, and that no such necessity existed in the case. This decision is precise authority upon the present appeal, and, so far as I can ascertain, has never been questioned. It is the law announced by this department, and we follow it.

The referee found the amount of the damages at $6,402.12. He so found on undisputed evidence. It is true that this finding was not essential to his decision, as he dismissed the complaint. Neither was the similar finding in Wilson v. Palmer essential to the decision at special term in that case. The defendant, however, knew of the finding of the amount of damages when the appeal was taken. It did not except to the finding, and did not appeal therefrom. On the contrary, on the appeal to the court of appeals it stipulated for judgment absolute, provided the judgment of the general term should be affirmed. It had its day in court on the question of the amount of damages, and did not see fit to offer any evidence to contradict the plaintiff's evidence on the subject. The court of appeals in several cases has pointed out the dangers attending such a stipulation, and held parties to a strict liability where such a stipulation is made. See Cobb v. Hatfield, 46 N. Y. 533; Hitchings v. Van Brunt, 38 N. Y. 335; Hiscock v. Harris, 80 N. Y. 403; Conklin v. Snider, 104 N. Y. 641, 9 N. E. 880.

The order should be affirmed, with costs.

WOODWARD and HIRSCHBERG, JJ., concur. BARTLETT and JENKS, JJ., concur solely on the authority cited.