STEVEN BOSKO, Respondent, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

*Negligence — verdict against the weight of evidence — signal immaterial if it would not have prevented the accident.*

Where an action is brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, and the plaintiff's description of the manner in which the accident occurred is not supported by any testimony other than his own, and six witnesses for the defendant testify to admissions of the plaintiff tending to show that the accident occurred in an entirely different manner, it is the duty of the court to set aside a verdict in favor of the plaintiff.

Where the plaintiff testifies that the accident was caused by the fact that he caught his foot in a switch and could not pull it out in time to escape an approaching train, and there is nothing to show that any signal given from the train would have prevented the accident, it is not material that no signals were given indicating its approach.

APPEAL by the defendant, The Delaware, Lackawanna and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 25th day of April, 1895, upon the verdict of a jury rendered after a trial at the Queens County Circuit, and also from an order entered in said clerk's office on the 27th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*Hamilton Odell* and *Hammond Odell*, for the appellant.

*F. W. Catlin*, for the respondent.

DYKMAN, J.:

This is an appeal by the defendant from a judgment in favor of the plaintiff, entered upon the verdict of a jury rendered after a trial at the Circuit and from an order denying the motion of the defendant for a new trial upon the minutes of the court.

The facts were furnished by the plaintiff in his testimony as follows: He says that on the 10th day of October, 1894, he was a passenger on one of the trains of the defendant from Scranton to Washington, New Jersey; that he took the train from the former to the latter place between three and four o'clock in the afternoon, and arrived at Washington about seven o'clock in the evening; that he left the train at Washington, where he says he saw a man at the station, of whom he inquired if he could remain there over night; that he followed the road the way the man told him and went toward Port Colden; that he came to a railroad crossing upon the public highway and followed the road for a while and looked up and down the rails and did not see or hear any train; that he saw a beaten path leading across the tracks and started to walk along such path; that when he had crossed the east-bound track going toward the west-bound track his foot became caught in the switch and he could not pull it out; that the train came and struck him and carried him about ten or fifteen feet distant from the place where he was struck. His left leg was broken and subsequently amputated.

On his cross-examination he said : " I came to the track after the beaten path, and then I stepped on a sort of a plank, or a sort of a bridge, there crossing the roadway. There were four tracks, two tracks there. I had crossed the first two tracks, east-bound tracks, before I was struck."

He further said that he had been advised that there was a crossing there, and that he wanted to cross at that place; that there were some people crossing at that point, and he thought he would cross there himself.

" Q. Was this a country road ? A. No, sir; it was just a path going down and a stairway going on the other side of the fence.

This was a path, a regular beaten path, about four feet wide, that led from Washington down to the place where I was hurt."

The crossing in question was to and from the turnpike leading to Washington, and the public road on the opposite side of the railroad.

A witness for the plaintiff, who was familiar with the locality, said he knew the highway and had used the crossing for years, and had seen other people use it, and that the place was used as a public crossing by people going from Port Colden to the public highway. That it was not a road crossing, but just a beaten path that went down to the switch.

The main defense to the action was that the accident did not happen as the plaintiff said it did, but that he was injured by falling from the platform of a freight train which he was trying to board in order to steal a ride to New York, and six witnesses testified to admissions made to them by the plaintiff substantially to that effect.

The defense of contributory negligence was also interposed. The case was tried at the Circuit before a jury, and the plaintiff recovered a verdict for $5,000. The defendant has appealed from the judgment and the order denying a motion for a new trial.

The plaintiff is the only person who witnessed the accident, and his evidence is the only proof in the case respecting the unfortunate occurrence.

There was no motion for a nonsuit, and no exception to the charge of the trial judge, but at the close of the testimony the counsel for the defendant moved for the direction of a verdict for the defendant.

The appeal from the order denying the motion for a new trial made upon the minutes of the court entitles the defendant to an examination of the evidence in the case.

While the evidence respecting the crossing where the plaintiff was injured might be sufficient to justify him in his effort to pass over the track at that place, yet we find the testimony insufficient to charge the defendant with negligence.

The foot of the plaintiff was caught in the switch and he was unable to extricate it. No signal from the train and no notice of its approach could have been of any avail to him. There was no obligation to stop the train, and that was the only thing that would have saved the plaintiff. If there was no signal given of the

approach of the train, that neglect did not cause the injury, and is insufficient to sustain the action. It is only negligence which results in injury that will render a defendant responsible therefor.

As, therefore, the evidence fails to show any want of care in the operation of the train which caused the injury to the plaintiff, it is insufficient to sustain the verdict.

Moreover, the jury was not at liberty to disregard the proof introduced by the defendant of the statements of the plaintiff, respecting the manner in which he received his injuries. The testimony of the witnesses was clear and explicit, that the plaintiff had admitted to them that he was endeavoring to board a freight train which was in motion, to steal a ride, and in that effort fell under the wheels of the car. The statement was natural, and the evidence of its utterance was strongly preponderating.

We have had occasion at this term of the court, in the case of *Nutting* v. *The Elevated Railroad Company*,* to notice the disposition of juries to give verdicts against railroad corporations upon insufficient evidence, and this case is another illustration of that inclination.

Here is a roving man, whose character is entirely unknown, whose testimony is entirely unsupported, who, according to the testimony of a number of witnesses, had given an account of the manner in which he was injured entirely inconsistent with that given by him in his testimony upon the trial, and yet the jury disregarded all the other evidence, and based a verdict upon his testimony alone.

Instead of a preponderance of proof which every plaintiff is bound to make, the testimony of the plaintiff was outweighed by the evidence introduced by the defendant. Under such circumstances it is our duty to interfere.

The judgment and the order denying the motion for a new trial must be reversed and a new trial granted, with costs to the defendant to abide the event.

BROWN, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted, with costs to the defendant to abide the event.