SCHRODER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. STREET RAILROADS—INJURIES TO TRAVELERS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE.

A traveler who crossed street car tracks at a crossing in such close proximity to a south-bound car that the motorman on the north-bound car could not stop the car before injuring him, and who had opportunity to see the north-bound car approaching, was precluded, by contributory negligence, from recovering for the injuries sustained.

Appeal from Trial Term.

Action by Lillian Schroder against the Metropolitan Street Railway Company. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Bayard H. Ames, for appellant.
Frederick S. Martyn, for respondent.

HATCH, J. This action was brought to recover damages for injuries which the plaintiff received on account of the alleged negligence of the defendant, its servants and employés. The plaintiff testified that upon the afternoon of June 23, 1900, she was riding east upon her bicycle on Thirty-Sixth street in the city of New York; that as she approached Sixth avenue a south-bound car was about at the crossing; that she stopped, and rested her foot upon the curb, and waited for the car to pass, but that the motorman motioned with both his head and hand for her to cross in front of the car; that she looked south, and saw a north-bound car approaching at Thirty-Fifth street; that she thought she had plenty of time to cross; that she started to cross, but the north-bound car struck her bicycle, throwing her upon the track, and she was dragged underneath the fender, when she received the injuries of which she now complains.

The plaintiff called one witness who saw the accident, but he testified merely to seeing her on the track in front of the car, trying to get off the track, and that something prevented his actually seeing the car when it struck her, but that he saw her after the accident had happened. The defendant called five witnesses, who testified that the plaintiff did not cross in front of the south-bound car, but that

she passed directly behind it, and came upon the north-bound track immediately in front of the north-bound car, turned her wheel in a northerly direction, and attempted to cross in front of it, when she was struck by the car. The case of the plaintiff, therefore, came to rest upon her uncorroborated testimony. She is disputed by all of the witnesses in her statement that she crossed in front of the standing car, and the preponderance of the testimony, given in the main by disinterested witnesses, overwhelmingly establishes that she came from behind the south-bound car in such close proximity to it that the motorman was unable to stop the car before coming in contact with the bicycle. She had opportunity to see the north-bound car as it was approaching the place where the south-bound car stood, and states that she saw it. Having looked, she is chargeable with knowledge of what she saw or ought to have seen, and if she failed to look she is chargeable with contributory negligence; so that, in either aspect of the case, it is disclosed by the evidence that she attempted to cross in front of this car with knowledge of its proximity to her at the time she made the attempt, or that she failed in giving any attention to her surroundings, and either alternative is fatal to a recovery. The verdict is clearly against the weight of the evidence upon these questions. Bosko v. D., L. & W. R. R. Co., 91 Hun, 320, 36 N. Y. Supp. 261.

It follows that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.