specification fairly embracing it. As has been seen, the evidence fairly showed that he was guilty of the charge under some of the specifications.

It therefore follows that the proceedings should be affirmed, and the writ dismissed, with costs. All concur.

---

## MALONEY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. STREET RAILROADS—INJURIES TO PASSENGER WHILE ALIGHTING—NEGLI-
GENCE—EVIDENCE—SUFFICIENCY.

A judgment for plaintiff for injuries alleged to have been sustained by the starting of a street car while she was in the act of alighting after it had stopped on her signal will be reversed, because against the weight of the evidence, where she had no witnesses, and two apparently disinterested witnesses—a lawyer and a policeman—testified that she alighted while the car was moving at about the regular rate of speed, and where she was otherwise contradicted.

O'Brien, J., dissenting.

Appeal from Trial Term, New York County.

Action by Nora Maloney against the Metropolitan Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HATCH, McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Bayard H. Ames, for appellant.
J. Delahunty, for respondent.

HATCH, J. The plaintiff testified that she boarded one of the defendant's east-bound cross-town cars on Thirty-Fourth street, opposite the entrance of the Waldorf-Astoria Hotel; that she transferred to a north-bound Lexington avenue car, and told the conductor when he took up her transfer ticket that she wanted to get off at Forty-Fourth street. The car did not stop, however, at Forty-Fourth street, and she did not notice that she had passed the place until her attention was called to it by a lady sitting next to her, when she signaled the conductor to stop the car. The car was stopped at the north corner of Forty-Sixth street, and, as she stepped down onto the running board to alight, the conductor said to her, "Get off quick," and he pulled the strap before she had time to alight, and the car started and threw her to the pavement, cutting and otherwise bruising her, and rendering her unconscious. Plaintiff produced no other witness besides herself to testify as to how the accident occurred. The defense produced two witnesses who claimed to have seen the accident—one, a lawyer who was sitting on the front porch of a house opposite where the accident occurred; and the other, a policeman who was patrolling his beat. The block between Forty-Sixth and Forty-Seventh streets is 200 feet in length, and the witness Hopkins resided at 491 Lexington avenue, which was about midway

in the block. He testified that he was sitting upon the stoop of this house. That he heard a scream, and, looking up, saw a woman in the act of falling from a moving car, and that she fell to the street, about opposite the next house. After she had fallen, Dr. Duncan, who had an office in No. 493, came out, and the plaintiff was assisted to his stoop. That witness got a glass of vichy for the woman, and she remained there until the ambulance came and took her away. That, before leaving, a policeman came, to whom the witness gave his name. The policeman testified: That on the night in question he was at Forty-Sixth street, when he saw the plaintiff "walk off the car in the middle of the block above. The car was moving nearly at the regular rate of speed." He immediately went to the place, and assisted a citizen in removing her to a stoop, which the witness thought was 491. That a doctor came, who had an office close by. In the meantime the witness obtained from plaintiff her name, age, occupation, where she was born, and where she lived. That she answered all the questions, and was not unconscious at any time while he saw her. That he sent a telephone call for an ambulance, which came and took her away. The conductor had left the employ of the defendant, and it was proved upon the trial that efforts to find him for the purpose of calling him as a witness were unavailing, and that his whereabouts could not be located. The plaintiff admitted that she was taken upon the stoop of a house below Forty-Sixth street, where she claimed she was attended by a priest, when she fainted away, and woke in the Flower Hospital. The witness Hopkins testified that he saw no priest present while the plaintiff was upon the stoop. In several other respects plaintiff was contradicted in her story.

We are of opinion that this judgment should be reversed for the reason that the verdict upon which it is based is against the preponderance of credible testimony. The plaintiff is deeply interested in the result. The witnesses called for the defendant are of character and standing, and have no interest whatever in connection with this transaction. The story which they tell agrees exactly with the conceded facts, and there is nothing aside from the unsupported statement of the plaintiff which in the slightest degree tends to destroy the force of such testimony. We therefore conclude that the plaintiff has not successfully borne the burden placed upon her of establishing by a fair preponderance of evidence the elements of the cause of action which she was required to establish, and under such circumstances this court has not hesitated to set the judgment aside as against the fair weight of the evidence. Schroder v. Met. Street Ry. Co., 87 App. Div. 624, 84 N. Y. Supp. 371; Clancy v. Yonkers R. R. Co., 88 App. Div. 612, 84 N. Y. Supp. 789.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. I dissent from the conclusion reached by the majority of the court. Upon the facts, the question presented for the consideration of the jury was whether, while the plaintiff was attempting to alight from a car which had stopped pursuant to a sig-

nal, it was suddenly started, so as to throw her off, or whether, as testified by the defendant's witnesses, while the car was in motion she stepped off. As against the plaintiff's evidence, two witnesses were examined for the defendant, one of whom testified that while sitting on a·stoop he heard a scream, and, on looking up, he saw the plaintiff falling from the car, which was then moving. There is nothing inconsistent in this with the plaintiff's story, because her version was that she was thrown while the car was moving. They differ as to the rate of speed at which the car was going, but, upon the question as to whether the car did or did not stop at Forty-Sixth street, we have not only the plaintiff's testimony to that effect, but this particular witness said that he thought the car did stop at Forty-Sixth street.

The piece of evidence upon which the majority of the court have placed their conclusion that the verdict is against the weight of evidence is that given by the two witnesses to the effect that the place at which the plaintiff was thrown was some 60 or 70 feet north of the corner. I do not regard this as of so very much importance, because, · if the car stopped at Forty-Sixth street; and, while in the act of alighting, the plaintiff was .thrown, it might be that the car had gone the short distance of 60 feet before she fell; or the car might have stopped some· distance north of Forty-Sixth street, and, though the plaintiff was mistaken as to the exact point at which the car stopped, the crucial question was whether the car did or did not stop, and, while the plaintiff was in the act of alighting, start up again. As I have pointed out, one of the witnesses for the defendant corroborates the plaintiff upon the stopping of the car at or somewhere north of Forty-Sixth street.

The other witness for the defendant—a police officer—swears positively that the plaintiff stepped off the car while it was going at full speed. The probability of such a hazardous undertaking by a woman impeded with skirts—a feat which would have been dangerous even for a man not so impeded—apart from the plaintiff's contradiction, would be for the jury. As said in Bente v. Metropolitan St. Ry. Co., 90 App. Div. 214, 86 N. Y. Supp. 85, with respect to similar testimony:

"A police officer also testified that when the plaintiff fell the car was moving, which is quite consistent with the plaintiff's testimony, as she says she fell because of the sudden start of the car, and the officer does not testify that the car had not stopped before the plaintiff fell as she attempted to get off."

I think that the. question was, upon the conflicting testimony, one for the jury, and the evidence did not so clearly preponderate in favor of the defendant's version that we would be justified in interfering with the verdict. I am therefore for affirmance.