ing judgment for $150, proceeded upon the contract count, and not upon the quantum meruit count. Without determining what would have been the rights of the plaintiff, had he presented the necessary proofs to establish a quantum meruit count for the work actually done, judgment is hereby reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

FEUER v. BROOKLYN, Q. C. & S. R. CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. EVIDENCE—VERDICTS AGAINST EVIDENCE—NUMERICAL PREPONDERANCE OF WITNESSES.

In an action against a street railroad for injuries to a passenger, a verdict for plaintiff, supported by his uncorroborated testimony and opposed by the testimony of three eyewitnesses, two of whom were disinterested, as to the substantial details of the accident, and by three other witnesses in relation to circumstances existing after the accident and the condition of plaintiff, was against the weight of the evidence.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2437, 2450.]

2. COURTS—MUNICIPAL COURTS—REVIEW OF FACTS—VERDICTS AGAINST EVIDENCE.

Under Municipal Court Act, Laws 1902, p. 1583, c. 580, § 326, requiring the appellate court to render judgment on the merits and to affirm or reverse for errors of law or of fact, and to order a new trial where the judgment is contrary to the weight of the evidence, the Appellate Term may, on appeal from a judgment of the Municipal Court, review the facts, for the purpose of determining whether the verdict is contrary to the weight of the evidence, although there is no appeal from an order denying a new trial.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Meyer Feuer against the Brooklyn, Queens County & Suburban Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Geo. D. Yeomans (H. F. Ives, of counsel), for appellant.
I. Henry Harris, for respondent.

BLANCHARD, J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the plaintiff. The action was brought to recover for personal injuries alleged to have been received by the plaintiff while alighting from one of the defendant's cars.

The plaintiff stands alone and uncorroborated as to his version of the accident. He is contradicted in the substantial details of the accident by three eyewitnesses, two of whom were disinterested. Three other witnesses called by the defendant testified in contradiction of the plaintiff as to circumstances existing after the accident, which tended to throw doubt upon the plaintiff's version thereof, and particularly as to the condition of the plaintiff. In this state of the testimony, a judgment in favor of the plaintiff seems contrary to the weight of the evi-

dence, and calls for a reversal.   Maloney v. Met. St. Ry. Co., 95 App. Div. 393, 88 N. Y. Supp. 638.

The respondent's contention that this court cannot review the facts for the purpose of determining whether the verdict is contrary to the weight of evidence, because the appellant is appealing from the judgment, and not from an order denying a new trial, is opposed to section 326 of the municipal court act (Laws 1902, p. 1583, c. 580).   See, also, Ayvard v. Powers, 25 Misc. Rep. 476, 54 N. Y. Supp. 984.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.