AYVARD v. POWERS et al.

(Supreme Court, Appellate Term. December 13, 1898.)

1. APPEAL—FINDING—EVIDENCE.
     Where there is enough evidence to support a finding of the municipal justice, in the absence of error as to its admission the verdict will not be disturbed as contrary to the evidence.

2. SAME—MODIFICATION OF JUDGMENT.
     There was a stipulation in evidence, in an action for the use of a machine, that the reasonable value of its use was a certain sum, but the justice rendered judgment for a smaller amount. *Held,* on appeal because of the insufficiency of the award, that the appellate term, under Code Civ. Proc. § 3213, authorizing it, on appeals from the municipal court, to modify the judgment appealed from, could modify the judgment by increasing it to the amount stipulated.

Appeal from municipal court, borough of Manhattan, First district. Action by Hachig A. Ayvard against George A. Powers and Henry Stein. There was a judgment for plaintiff for less than the sum demanded, and both parties appeal. Modified and affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

T. A. McKennell, for plaintiff.
P. H. Loftus, for defendants.

GILDERSLEEVE, J. The action is brought to recover $70 for the use by the defendants for 14 months of a paper-cutting machine owned by plaintiff. Upon a very sharp conflict of evidence, the justice decided that the defendants had hired this machine from plaintiff for 14 months, and he fixed the value of such use at $28. The defendants

appeal from the judgment on the ground that it is contrary to the weight of evidence, while the plaintiff appeals from the judgment on the ground of the insufficiency of the damages. As there is enough evidence to support the finding of the justice in plaintiff's favor on the merits, and as there are no errors of law presented on the appeal as to rulings on the admissibility of evidence, it follows that the appeal of the defendants cannot be sustained; so that the only question that remains to be decided is the appeal by the plaintiff on the ground of the insufficiency of the award. It is not claimed that any definite price was fixed for the use of the machine, and the plaintiff sues for the reasonable value of such use. There was no evidence whatever upon the question of value offered in the case, with the exception of a certain stipulation, which was received in evidence without objection, and which reads as follows, viz.:

"It is hereby stipulated and agreed that the reasonable value of the use by defendants of the paper-cutting machine mentioned in the bill of particulars herein, for the period between the 1st day of January, 1897, and the 1st day of March, 1898, was the sum of seventy ($70) dollars.

"Dated N. Y., May 23rd, 1898.

"Patrick H. Loftus, Attorney for the Defendants."

No question is raised as to the authority of the attorney to make this stipulation, and the stipulation itself is not in any way attacked. It seems clear, therefore, that the justice, having found in plaintiff's favor, should have fixed the value at $70, instead of $28, under the state of facts disclosed by the record. The question now presents itself, must the judgment be reversed, and a new trial ordered, or should the judgment be amended by increasing the amount allowed for the use of the machine to the sum of $70, and as thus modified affirmed? The attorney for the plaintiff argues that as section 3213 of the Code confers upon the appellate term the same power to "modify" judgments of the municipal court that section 1317 confers upon the appellate division and general term to modify judgments and orders of the trial and special terms, and as, under the last section, it has been held that the appellate division and general terms can modify the judgment of the lower court by increasing the amount of the damages allowed, it should be held by analogy that the appellate term has the right also to thus modify judgments of the municipal court. In the case of Price v. Price, 33 Hun, 432, Mr. Justice Daniels, writing for the general term of this department, uses these words at page 435, viz.:

"Unlimited power of modification has been given by section 1317 of the Code of Civil Procedure, and it should be applied when all the facts have been fully settled and stated in the decision brought before the court."

The section in question provides that upon an appeal from a judgment or order the appellate division of the supreme court or general term to which the appeal is taken may reverse or affirm, wholly or partly, or may modify, the judgment or order appealed from. Section 3213 of the Code provides that the appellate term, on appeals from the municipal courts, may reverse, affirm, or modify the judgment appealed

from. In the case of Conklin v. Snider, 104 N. Y. 641, 9 N. E. 880, the court of appeals used this language, viz.:

"We have once or twice, in cases where the error which might have justified a reversal was merely incidental, and capable of accurate correction, modified the judgment by correcting the error; but those were instances in which we thought a new trial ought not to have been awarded."

In the case of Wood v. Baker, 60 Hun, 337, 14 N. Y. Supp. 821, it was held that where all the facts necessary for a complete judgment upon the rights of a party are before the appellate court, and relief upon such facts has been denied him in the trial court solely upon a question of law erroneously decided in the trial court, the appellate court will not send the case back for a new trial, but will grant the proper judgment. In the case of Richardson v. Insurance Co., 47 N. Y. Super. Ct. 141, Mr. Justice Freedman, writing for the general term of the superior court, held that when the necessary facts on which a final judgment depends are found upon the record, and there is no valid exception to the process by which they have been found, the general term may modify, but not otherwise. Judge Freedman, at page 158, uses these words:

"It has been urged by the appellants that for the error complained of a new trial should not be ordered, but that the court, upon the facts before it, should modify the judgment by raising it to $36,291.91, with interest. It is true that where the necessary facts on which a final judgment depends are found upon the record, and there is no valid exception to the process by which they have been found, the appellate court is in a situation to pronounce the appropriate final judgment, and that in such a case it would be an act of supererogation to send the case back for a refinding of the facts which have already been duly found."

In the case of Wood v. Board, 9 N. Y. Supp. 699, affirmed without opinion in 124 N. Y. 676, 27 N. E. 855, the general term, in the Fifth department, modified a judgment by increasing the amount of the recovery. The court (Macomber, J.) says:

"It is not necessary, however, in this instance, to grant a new trial in order to correct the error. The amount of the state tax appears in the case, and is found as a fact in the findings of the learned justice, and is undisputed. Under these circumstances, we can direct the proper judgment to be entered. Code, § 1317."

The judgment was modified, and as modified affirmed.

See, also, the later case of Arnold v. Rothschild, 23 App. Div. 223, 48 N. Y. Supp. 855, where the court said:

"The power of the court to effect, by means of a modification of the judgment, the ends which ought to have been attained upon the trial, has repeatedly been asserted in the strongest terms."

It seems to us that the record in the case under consideration presents all the necessary facts upon which a final judgment depends, and, as it discloses no errors of law, we are of opinion that in determining the same we should direct a proper final judgment. The trial judge having decided the issue as to the defendants' liability (the only

issue in the case) in favor of the plaintiff, damages should have been awarded in the amount stipulated.

The judgment should be modified by increasing the same to $77.22, and as thus modified affirmed, with costs to plaintiff.  All concur.