(45 Misc. Rep. 647)

### LEVY v. AVERY et al.

(Supreme Court, Appellate Term. December 7, 1904.)

1. BILLS AND NOTES—BONA FIDE HOLDER—ACTION ON NOTE—SET-OFF.

    In an action on a note against the maker, payee, and an indorser, the treasurer of the payee testified that the note was sold before maturity to the indorser for face value, less legal discount. The son of the indorser testified that he made said purchase, his father paying the amount; that his father then indorsed the note, and the son then sold it to plaintiff for its face value. Plaintiff testified to the same effect. *Held*, that plaintiff must be deemed a bona fide holder, and it was error to allow the maker to offset a note made to him by the payee of the note in suit.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Richard J. Levy against Ledyard Avery and others on a note. From a judgment allowing an offset, plaintiff appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and GILDERSLEEVE, JJ.

E. G. Levy, for appellant.

W. F. Earp, for respondents.

GILDERSLEEVE, J. This action is brought upon a promissory note for $345.62, made by the defendants Avery to the order of the defendant Acme Metal Novelty Works, indorsed by said payee and by the defendant Booth, and now owned by plaintiff. The defendants Acme Metal Novelty Works and Ralph W. Booth, Sr., make no defense, and the defendants Avery admit their liability on the said note, but claim by way of counterclaim and offset $105 on a note made by said Acme Metal Novelty Works to the order of said defendants Avery. The justice gave judgment for plaintiff for the difference between the two notes. Plaintiff appeals.

There would be no question as to the right of the defendants Avery to set up this note for $105 as an offset if the note for $345.62 had remained in the hands of the Acme Metal Novelty Works, and the said defendants Avery claim that plaintiff stands in no better position than would have stood the said Acme Metal Novelty Works, for the reason that plaintiff is not a bona fide holder, and

.that the note for $345.62 was passed to plaintiff simply for the purpose of cutting off the equities of the said defendants Avery. We do not think the evidence sustained this contention.

The treasurer of the Acme Metal Novelty Works testified that the note was sold before maturity to the defendant Booth for its face value, less the legal discount. The witness Ralph W. Booth, Jr., testified that he got the note before maturity from the Acme Metal Novelty Works, and paid therefor the face value of the note, less 6 per cent. discount; that he got his father, Ralph W. Booth, Sr., to indorse the note, and then sold it, before maturity, to the plaintiff, for the face value of the note. The plaintiff swore that he paid full value for the note, before maturity, to said Booth. To all this evidence there is no contradiction whatever on the part of the defendants. The only witness for defendants was Ledyard Avery, who merely testified as to the making and delivery of the $105 note by the Acme Metal Novelty Works to his firm. It therefore appears from the undisputed evidence that plaintiff was a bona fide purchaser for value, and before maturity of the said note. It was error, under these circumstances, to allow the $105 note made by the Acme Metal Novelty Works in favor of defendants Avery as an offset to the note in suit.

As it definitely appears that defendants cannot contest their liability on the said note for $345.62, and a new trial is wholly unnecessary, the judgment in favor of the plaintiff should be modified by increasing the amount to $345.62, with interest and costs, and, as thus modified, affirmed, with costs. All concur.

