## TOLCHINSKY v. SCHIFF et al.

### (Supreme Court, Appellate Term. May 29, 1905.)

**1. VENDOR AND PURCHASER—RENEWAL OF LOAN—CONTRACTS—BREACH—DAMAGES.**

Where defendants contracted to procure an extension of a real estate mortgage as a part of an agreement for the sale of the land, but failed to do so, whereupon plaintiff was compelled to procure the extension at an expense of $70 for brokerage and an increase of the interest rate by one-half of 1 per cent., plaintiff was entitled to recover such brokerage, together with the amount of such increased interest for the full term of the renewed loan.

**2. SAME—JUDGMENT—MODIFICATION ON APPEAL.**

Where, in an action for breach of contract to procure renewal of a loan, plaintiff recovered only a portion of the damages to which he was entitled, and all of the facts necessary to justify a judgment for the correct amount had been found by the trial court, the appellate court had jurisdiction to modify the judgment by increasing the amount without granting a new trial.

Truax, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Morris Tolchinsky against Harry Schiff and another. From a Municipal Court judgment in favor of defendants, plaintiff appeals. Modified.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Boudin & Liebman, for appellant.

Isidor Cohn, for respondents.

SCOTT, P. J. The plaintiff appeals from a judgment in his favor because it is less favorable than he deems that it should be. The defendants, in a contract for the sale of real estate, agreed to procure the extension for three years of a mortgage for $7,000 upon the property to be conveyed. They failed to do this, and plaintiff was compelled to procure the extension himself at an expense of $70 for brokerage, in addition to which he was compelled to renew the loan at a rate of interest greater by one-half of 1 per cent. per annum than that which it had originally carried. The only question involved is whether plaintiff is entitled to recover by way of damages the increase of interest for the full term of the renewed loan, or whether he can only recover for so much of the increase as has accrued down to the date of trial. The learned justice below felt himself constrained to limit the recovery to the brokerage paid by plaintiff and so much of the increased interest as had accrued at the date of the trial. In our opinion, the plaintiff should have recovered the whole of the increase of interest for the full term of three years. The rule is, in an action for breach of a contract of this nature, that the plaintiff may recover not only such loss as he has already incurred, but such as he can show, with reasonable certainty, that he will lose in the future. Wakeman v. Wheeler, 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. In the present case the amount which plaintiff will lose in the future

is capable of exact calculation, and we can see no probable contingency that he will not incur this loss in one form or another. It is not enough to defeat his claim that there may be a possible or remote contingency under which his prospective loss will be less than now appears probable. The appellant does not seek a new trial, but asks that the judgment be modified by increasing it to the amount he is entitled to recover. Of the power of this court to so modify it there is no doubt. Wood v. Baker, 60 Hun, 337, 14 N. Y. Supp. 821; Ayvard v. Powers, 25 Misc. Rep. 476, 54 N. Y. Supp. 984; Levy v. Avery (Sup.) 91 N. Y. Supp. 67; Richardson v. Home Ins. Co., 47 N. Y. Super. Ct. 141. In the present case all the facts necessary to justify a judgment for plaintiff have been found by the court below, including the date upon which the correct amount of that judgment is to be ascertained. No good purpose therefore is to be served by sending the case back for a new trial.

The judgment should be modified by increasing it to the sum of $175, with the appropriate costs in the court below, and, as modified, affirmed, with costs to the appellant.

DOWLING, J., concurs.

TRUAX, J. (dissenting). On the 10th day of May, 1904, the defendants agreed that if the first mortgage of $7,000, which matured on the 1st day of October, 1904, should be called in at maturity, they would procure an extension thereof for three years. The mortgage above mentioned bore interest at the rate of 4½ per cent. per annum. On the 23d day of August, 1904, the plaintiff procured an extension of said first mortgage, but the rate of interest was increased from 4½ per cent. to 5 per cent., and the plaintiff paid $70 to the attorney who secured the extension of said first mortgage. I do not think that the plaintiff proved a cause of action against the defendants. Under the terms of the agreement between plaintiff and defendants, the defendants had until the 1st day of October, 1904, in which to procure an extension of the mortgage, and if they could not procure an extension of the mortgage from the person who held the mortgage they had a right to take an assignment of the mortgage in their own names. Without consent from the defendants, the plaintiff made his payments and procured the extension, and I do not think that he is entitled to hold the defendants for the loss caused by his own act. I am in favor of affirming the judgment.