### DE COSTER v. HERZOG CO.

(Supreme Court, Appellate Term. January 17, 1906.)

1. APPEAL—HARMLESS ERROR—STRIKING OUT TESTIMONY.

Though the motion of a party to strike out the answers of his witness, which were irresponsive and hearsay, might properly have been granted, yet, the evidence not appearing to have been a material ground on which the verdict rested, the denial thereof is harmless error.

2. SAME—RECORD.

Though the exception to the introduction of a memorandum is well taken, yet, the memorandum not appearing in the record, its admission is not ground for reversal.

3. COURTS—MUNICIPAL COURTS—APPEAL—SUFFICIENCY OF EVIDENCE.

Though plaintiff's appeal is not from an order denying a motion for new trial, the facts in the case may be reviewed to determine whether the verdict is contrary to the weight of evidence, under Municipal Court Act Laws 1902, p. 1583, c. 580, § 326.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Robert S. De Coster against the Herzog Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BLANCHARD and DOWLING, JJ.

Alexander Thain, for appellant.
M. Angelo Elias, for respondent.

BLANCHARD, J. The plaintiff, who was employed under a written contract of employment for one year, brought action to recover damages for an alleged unlawful discharge. The evidence discloses a degree of indifference on the part of plaintiff to the defendant's business, and specific instances of inattention and laxity on the part of the plaintiff, that seems to warrant the verdict of the jury. Several exceptions were taken by the plaintiff to rulings upon the evidence and to the charge of the trial court, only two of which need be noticed.

In reply to a question of the plaintiff's counsel, a witness made an irresponsive answer. Without moving to strike it out, the counsel upon repeating the witness' answer elicited the response that the witness

had learned the facts referred to from a third person. The motion of the plaintiff's counsel to strike out was doubtless denied for the reason that the answers, although irresponsive and hearsay, were apparently pressed home and elaborated by his own questions. The motion might properly have been granted; but, since the evidence thus admitted over objection does not appear to have been a material ground upon which the verdict rested, the denial of the motion is not reversible error.

The exception to the introduction of the memorandum of Gerlach was well taken; but, since the memorandum does not appear in the record, the admission thereof cannot be held to be reversible error.

The respondent contends that the facts in the present case cannot be reviewed for the purpose of determining whether the verdict is contrary to the weight of evidence, since the plaintiff is not appealing from an order denying a motion for a new trial. This contention is negatived by section 326 of the municipal court act (Laws 1902, p. 1583, c. 580). See, also, Ayvard v. Powers, 25 Misc. Rep. 476, 54 N. Y. Supp. 984.

Judgment affirmed, with costs. All concur.